IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50764
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARTHUR FORMANN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-96-CA-51
- - - - - - - - - -
November 4, 1998
Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Federal prisoner (#17501-077) Arthur Formann has appealed the denial, without an evidentiary hearing, of his motion to vacate, 28 U.S.C. § 2255.  We AFFIRM.

    Formann is not entitled to relief on his claim that the presentence report was disclosed to him less than 10 days prior to sentencing, and that his counsel was ineffective for failing to object to this and to correct alleged inaccuracies in the presentence report.  See United States v. Cervantes, 132 F.3d

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1106, 1109 (5th Cir. 1998); Strickland v. Washington, 466 U.S. 668, 687, 690 (1984).

Formann contends that he is entitled to relief on grounds that his court-appointed counsel was ineffective in numerous other respects. We have determined that the district court did not err in denying relief relative to these claims.

Formann contends that the evidence was insufficient to support his convictions. The court will not consider this claim because the evidence was held to be sufficient upon his direct appeal, United States v. Faulkner, 17 F.3d 751, 768-71 (5th Cir. 1994). See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Furthermore, Formann's claim that a government witness's testimony lacked credibility is not a valid basis for relief from a conviction. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254-55 (5th Cir. 1989).

Formann contends that he is entitled to relief on grounds that the trial court did not instruct the jury that materiality of a false statement is an element of willfully overvaluing land or property in violation of 18 U.S.C. § 1014. He relies on United States v. Wells, 519 U.S. 482, 117 S.Ct. 921 (1997). The Wells Court held, however, that "materiality of falsehood is [not] an element of the crime of knowingly making a false statement to a federally insured bank, 18 U.S.C. § 1014." 117 S. Ct. at 924.

Formann contends that he should be resentenced to home confinement, on authority of U.S.S.G. §§ 5H1.1 (age) and 5H1.4

(poor physical condition).  This claim is not cognizable in a § 2255 proceeding. <u>See</u> <u>Cervantes</u>, 132 F.3d at 1109.

JUDGMENT AFFIRMED.